# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RIVERA AND NORMA RIVERA,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BANK OF AMERICA; OWN IT MORTGAGE SOLUTIONS; OLD REPUBLIC TITLE COMPANY,<br><br>　　　　Defendants. | 1:12-cv-138 AWI GSA<br><br>**ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**<br>(Documents 2 and 3)<br><br>**ORDER REQUIRING SUBMISSION OF FILING FEE WITHIN THIRTY DAYS, OR NO LATER THAN MARCH 15, 2012** |

　　　　Plaintiffs Jose Rivera and Norma Rivera are proceeding pro se in this civil action, having filed a complaint on January 30, 2012. (Doc. 1.) That same date, they each submitted an application to proceed in forma pauperis pursuant to Title 28 of the United States Code section 1915. (Docs. 2 & 3.) A review of the applications reveals that Jose Rivera is the sole wage earner of the household. He is employed as a janitor and his wife, Norma Rivera, does not work. They provide support to one son. They currently have $180.00 in savings and own two vehicles. The family's monthly expenses total $952.00 which includes $165.00 for transportation, $107.00

1

1  for insurance, $380.00 for utilities, and $300.00 for food.[1] (Docs. 2 and 3 at pg. 2)

2       Plaintiff Jose Rivera earns $1,700.00 per month before taxes which is $20,400.00
3  annually ($1,700.00 x 12). (Doc. 2 at 1.) The federal poverty guidelines provide that an annual
4  salary greater than $19,090.00 for a family of three does *not* fall below the poverty line. (*See*
5  http://aspe.hhs.gov/poverty/12poverty.shtml.) The calculation is made based upon gross income.
6  (*See* http://www.census.gov/hhes/www/poverty/about/overview/measure.html.). Therefore, this
7  Court finds Plaintiff is not entitled to proceed without prepayment of the $350.00 filing fee.

8       As an aside, a review of the complaint indicates that this Court may not have jurisdiction.
9  Plaintiffs are advised that federal courts can adjudicate only those cases in which the United
10 States Constitution and Congress authorize them to adjudicate which are essentially those cases
11 involving diversity of citizenship (in which the matter in controversy exceeds the sum or value of
12 $75,000 and is between citizens of different states), or a federal question, or to which the United
13 States is a party. 28 U.S.C. §§ 1331 and 1332; See also, Kokkonen v. Guardian Life Ins. Co.,
14 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); Finley v. United States, 490 U.S. 545, 109 S.Ct.
15 2003, 2008 (1989).

16      In this case, Plaintiffs are only alleging state law claims. Therefore, all of the Defendants
17 would need to be citizens of other states in order for jurisdiction to be proper. It appears that at
18 least one of the Defendants, Ownit Mortgage Solutions, may have its corporate headquarters in
19 California.[2] This destroys diversity jurisdiction. Furthermore, Plaintiffs' complaint alleges that
20 all Defendants are California residents which may not be correct. Plaintiffs are advised that they
21 should consult an attorney to evaluate their claims and determine whether jurisdiction in this
22 Court is proper before paying the filing fee.
23 ///

---

[1] Plaintiff indicate that they have a mortgage payment of $1,860.00 which they are not paying. The Court notes that Plaintiffs' complaint is alleging an illegal foreclosure.

2

**ORDER**

For the foregoing reasons, Plaintiff's Application to Proceed Without Prepayment of Fees is DENIED.  As a result, **Plaintiff shall pay the filing fee of $350.00 no later than March 15, 2012**, in order to proceed with this action.  Failure to comply with this Order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   February 10, 2012

CHIEF UNITED STATES DISTRICT JUDGE