# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RIVERA AND NORMA RIVERA,  ) | 1:12-cv-138 AWI GSA |
| Plaintiffs,  ) | |
| v.  ) | **FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS CASE BE DISMISSED** |
| BANK OF AMERICA; OWN IT MORTGAGE SOLUTIONS; OLD REPUBLIC TITLE COMPANY,  ) | |
| Defendants.  ) | |

## INTRODUCTION

Plaintiffs Jose Rivera and Norma Rivera are proceeding pro se in this civil action, having filed a complaint on January 30, 2012. (Doc. 1.) That same date, they each submitted an application to proceed in forma pauperis pursuant to Title 28 of the United States Code section 1915. (Docs. 2 & 3.) A review of the applications revealed that Plaintiffs were able to pay the filing fee. Accordingly, Judge Ishii issued an order requiring that Plaintiffs pay $350.00 no later than March 15, 2012. To date, no filing fee has been paid.

## DISCUSSION

Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these

1

Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that the Plaintiffs intend to prosecute this action. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is

greatly outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's order requiring that Plaintiffs pay the filing fee was clear that dismissal would result from non-compliance with the Court's order.

## RECOMMENDATIONS

Based on the above, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiffs' failures to comply with a court order.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fifteen (15) days after being served with these Findings and Recommendations, Plaintiffs may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 28, 2012**          /s/ Gary S. Austin
                                                       UNITED STATES MAGISTRATE JUDGE